Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3479 | **DATE** | 9/6/2002 |
| **CASE TITLE** | David Burns vs. Chicago Park District | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. District's Rule 56 motion is denied as to Burns' ADA claim, but is granted as to his state law claim. This action is set for a next status hearing at 9:30 a.m. September 12, 2002 to discuss the procedures and timetable necessary to bring this case - - already too long in the tooth - - to trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 0 9 2002 | |
| | Notified counsel by telephone. | | date docketed | 23 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 9/5/2002 | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID BURNS, )
)
Plaintiff, )
)
v. ) No. 99 C 3479
)
CHICAGO PARK DISTRICT, )
)
Defendant. )

MEMORANDUM OPINION AND ORDER

In this Americans with Disabilities Act ("ADA") action brought by David Burns ("Burns") against his ex-employer Chicago Park District ("District"), District has filed a Fed. R. Civ. P. ("Rule") 56 motion for summary judgment. Burns has complied with this Court's directive to file a response to the motion--and because the existence of a genuine issue of material fact that would defeat summary judgment cannot be erased by a movant's reply (just as the egg once scrambled cannot be stuffed back into an intact eggshell), District's motion here is denied.

It is unnecessary to address the issues posed by Burns' Complaint and supporting evidence at length. Instead it will suffice to summarize the factual scenario as it has been presented by the parties.

As the result of an on-the-job knee injury suffered by Burns in May 1997, he had to remain out of work "and virtually immobile" for nearly 10 months. That constituted "a physical... impairment that substantially limit[ed] [the] major life

activit[y]" of walking (42 U.S.C. §12101(2) and 29 C.F.R. 1630.2(g) and (i)) during that time frame. In that respect, see Toyota Motor Mfg., Inc. v. Williams, 534 U.S. 184, 196-98 (2002).

That then suffices to establish--or at a minimum to create the required genuine issue of material fact as to--the existence of a "disability" as defined for ADA purposes in 42 U.S.C. §12102(2) ("Section 12102(2)"). To be sure, the caselaw teaches that a purely temporary (rather than permanent or long term) impairment does not qualify as a "disability" in ADA terms under Section 12102(2)(A)--see, e.g., Toyota, 534 U.S. at 198; Vande Zande v. Wisc. Dep't of Admin., 44 F.3d 538, 543 (7th Cir. 1995); Schumacher v. Communications Contractors, Inc., 152 F.Supp.2d 971, 976 (N.D. Ill. 2001). But here the gravamen of Burns' claim is not one of actual disability, but is rather predicated on another statutory concept of disability as defined by Section 12102(2)(C): "being regarded as having such an impairment [that substantially limits one or more of the major life activities of such individual]."

On that score there is no dispute that District's refusal to permit Burns to return to work despite a release from his doctor was based on its perception that he still could not handle the work. And it is equally undisputed that the reason for that belief on District's part was Burns' knee injury (which from the evidence it is at least reasonable to equate to the same problem

2

with the major life activity of walking that had disabled him initially).

With Burns' disability thus having been "established" in the narrower sense needed to avert Rule 56 dismissal, the other required element for potential recovery under ADA poses no difficulty. Burns has adduced ample evidence from which a reasonable jury could find a refusal on District's part to provide a reasonable accommodation to what it perceived and treated as Burns' disability. In that respect Burns' situation is very different from that presented, for example, by Somers v. City of Minneapolis, 245 F.3d 782, 788 (8th Cir. 2001), where an apparently similar knee injury did not generate the perception on the part of the employer that it was a disabling impairment for ADA purposes.

As for District's argument that Burns complains only with respect to his particular job and not a broader range of jobs, Toyota, 534 U.S. at 200 makes it plain that no such requirement attaches to a disability of the type claimed by Burns:

> In Sutton [v. United Air Lines, Inc., 527 U.S. 471 (1999)], we noted that even assuming that working is a major life activity, a claimant would be required to show an inability to work in a "broad range of jobs," rather than a specific job. Id., at 492. But Sutton did not suggest that a class-based analysis should be applied to any major life activity other than working. Nor do the EEOC regulations. In defining "substantially limits," the EEOC regulations only mention the "class" concept in the context of the major life activity of working. 29 CFR §1630.2(j)(3) (2001)("With respect to the major life activity of

3

> working [,] [t]he term substantially limits means
> significantly restricted in the ability to perform
> either a class of jobs or a broad range of jobs in
> various classes as compared to the average person
> having comparable training, skills and abilities").
> Nothing in the text of the Act, our previous opinions,
> or the regulations suggests that a class-based
> framework should apply outside the context of the major
> life activity of working.

And even were it otherwise, on Burns' version of events (which must be credited for present purposes), his disability was not, as District would have it, limited to a single job.

Things are different, however, as to Burns' other claim--a state law claim for asserted retaliatory discharge in violation of the Illinois Worker's Compensation Act. In that regard District has accurately cited Webb v. County of Cook, 275 Ill.App.3d 674, 656 N.E.2d 85 (1st Dist. 1995) for the proposition that no such claim may be brought where the employee has been fired and lacks a reasonable expectation of being rehired. Burns' responsive memorandum does not address Webb--or that legal issue--at all. Because there is no genuine issue of material fact supporting such an expectation on Burns' part, this aspect of District's Rule 56 motion must be and is granted.

In sum, the decision here as to District's liability or nonliability under ADA is for a trier of fact to make, not for this Court as a matter of law.[1] District's Rule 56 motion is therefore denied as to Burns' ADA claim, but is granted as to his

---

[1] That is true as well on the issue of pretext vel non.

4

state law claim. This action is set for a next status hearing at 9:30 a.m. September 12, 2002 to discuss the procedures and timetable necessary to bring this case--already too long in the tooth--to trial.

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date: September 6, 2002